# In the United States Court of Federal Claims

No. 19-399C
(Filed March 31, 2022)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
AXE MURDERER TOURS GUAM,         *
INC.,                            *
                                 *
                    Plaintiff,   *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
                    Defendant.   *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiff, Axe Murderer Tours Guam (Axe Murderer) alleges that the United States Air Force breached the exclusivity provision of its concessionaire contract by knowingly allowing others besides Axe Murderer to advertise, solicit, and provide dive tours, training, and certification services on Anderson Air Force Base (AAFB). Compl. ¶¶ 21–31. The plaintiff also seeks damages because of a relocation and diminution of plaintiff's AAFB facility due to a renovation project. *Id.* ¶¶ 35–57.

In the course of discovery, the government requested the production of "Profit Center Breakdown" reports regarding an off-base operation of Axe Murderer, commonly called the "Beach House" location, for the years 2013 through 2017. *See* Ex. 2 to Def.'s Mot. to Compel (Def.'s Mot.), ECF No. 37-2, ¶ 10. Axe Murderer has refused to produce these documents because it believed that the reports are not relevant. *See* Pl.'s Resp. to Def.'s Mot. (Pl.'s Resp.), ECF No. 38, at 1–7. The government has moved to compel the production of these documents, presumably pursuant to Rule 37(a)(3)(B)(iv) of the Rules of the United States Court of Federal Claims (RCFC). *See* Def.'s Mot. at 1–9; Def.'s Reply, ECF No. 39, at 1–8.

Identical to the Federal Rule of Civil Procedure on which it is patterned, *see* Fed. R. Civ. P. 26(b)(1), our court's general discovery rule allows "discovery regarding any non-privileged matter that is relevant to any party's claim or defense." RCFC 26(b)(1). While these rules have traditionally been "broadly construed," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), the most recent amendments to them may be seen as narrowing somewhat the scope of

discovery.  This might be in part the result of deleting from the defined scope of discovery the phrase indicating that "relevant information" included information which "appears reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1) (2014), but would primarily stem from incorporating into the defined scope the qualifier that discovery must be "proportional to the needs of the case," RCFC 26(b)(1); *see also* Fed. R. Civ. P. 26(b)(1).[1]

Plaintiff does not argue that the documents requested would be particularly difficult or costly to produce or that any other consideration made the discovery request not "proportional" to the needs of the case.  *See* Pl.'s Resp. at 1–7.  Nor does it assert a privilege protecting the documents.  *See id.*  Its only basis for opposing the discovery is its belief that the discovery is not relevant to its claim of lost sales revenue at its AAFB location, as the reports concern sales at a different site with different clientele.  *Id.*

But even if Axe Murderer itself will not rely on or use these reports to prove damages, *see* Pl.'s Resp. at 4, its theory of the case does not dictate the limits of the scope of discovery.[2]  A discoverable "matter" need only be "relevant to any party's claim or defense," RCFC 26(b)(1), and here, the government maintains that a portion of the revenue shortfall relative to Axe Murderer's expectations for the AAFB location could have been due to customers who instead patronized the potentially-more convenient Beach House location, Def.'s Mot. at 3–9.  Thus, any information which can bolster this theory will tend to disprove damages of the size requested by plaintiff and is relevant to both Axe Murderer's claims and the government's defenses.  To be relevant for discovery purposes, the probative strength of the information does not matter, and indeed the information "need not be admissible in evidence to be discoverable."  RCFC 26(b)(1).  The "matter"

---

[1] Curiously, the Advisory Committee justified deletion of the "reasonably calculated" phrase on its belief that "[t]he phrase has been used by some, incorrectly, to define the scope of discovery." Advisory Committee Notes, 2015 Amendment.to Fed. R. Civ. P. 26.  But the referenced "some" included the Supreme Court, *see, e.g.*, *Herbert v. Lando*, 441 U.S. 153, 159 (1979); the Federal Circuit, *see, e.g.*, In re *MSTG, Inc.*, 675 F.3d 1337, 1342 (Fed. Cir. 2012); and all twelve regional Courts of Appeals.  *See* Richard Briles Moriarty, *And Now for Something Completely Different: Are the Federal Civil Discovery Rules Moving Forward into a New Age or Shifting Backward into a "Dark" Age?* 39 Am. J. Trial Advoc. 227, 239 & nn. 68–70 (2015) (collecting cases).

[2] This situation is different from that in *DNC Parks & Resorts at Yosemite, Inc. v. United States*, 137 Fed. Cl. 708, 710 (2018), which plaintiff relies upon, *see* Pl.'s Resp. at 3–4.  Here, the government seeks revenue reports generated by the plaintiff and relating to the same activities upon which the latter bases its claims, while *DNC Parks* concerned information gathered by a third party.

encompassed by the request must be relevant, and here there is the possibility that AAFB location sales dropped because Beach House sales increased.  Whether such a diversion of customers can be proven by or inferred from the information requested, it is premature to say.  But it appears to be a matter that is within the proper scope of discovery.  The government's motion to compel the production of these documents, to the extent they exist, is, accordingly, **GRANTED.**[3]

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge

---

[3] The Court notes that defendant requests reports for the Beach House location starting from January 1, 2013, *see* Ex. 2 to Def.'s Mot., ¶10, but plaintiff indicates that its business opened in that location in 2015, *see* Pl.'s Resp. at 5.